James Jonathan MAPP, et
al., Plaintiffs,

v.

BOARD OF EDUCATION OF the CITY
OF CHATTANOOGA, TENNESSEE, et
al., Defendants.

Civ. A. No. 3564.

United States District Court,
E.D. Tennessee, S.D.

Dec. 10, 1986.

Richard Dinkins, Avon Williams, Jr., Nashville, Tenn., and Lowell Johnston, NAACP Legal Defense and Educ. Fund, New York City, for plaintiffs.

Raymond B. Witt, Jr. and Eugene N. Collins & Associates, Chattanooga, Tenn., for defendants.

## MEMORANDUM

EDGAR, District Judge.

This school desegregation case, which is before the Court on the defendants' motion to dismiss, has been pending since April 6, 1960. Its recent history is summarized in the decision of this Court which is reported as *Mapp v. Board of Educ. of City of Chattanooga, Tenn.*, 630 F.Supp. 876 (E.D. Tenn.1986). Prior to the issuance of that decision this Court held a four day hearing on October 28, 29, 30 and 31, 1985. This hearing, held in response to various motions of the parties, addressed the following questions:

1. Whether the defendants have implemented the Plan of the Chattanooga Board of Education which received final approval by Judge Frank W. Wilson by order dated April 20, 1976.

2. Whether the Chattanooga Board of Education has, by any action taken by it since April 20, 1976, reestablished any vestiges of a dual school system.

On the first issue, this Court determined that the Chattanooga Board of Education (the "Board") had, with one exception, fully implemented the desegregation plan (the "Plan") which had been approved by the district court and the Sixth Circuit Court of Appeals. The exception was that the Board had not completely implemented the Plan regarding the desegregation of faculty and staff.

Consequently, this Court ordered the Board to desegregate faculty and staff in accordance with the previously approved Plan, so that each of the Chattanooga city schools would have the same ratio of black and white faculty and staff as the ratio of black and white faculty and staff in the entire school system. The Board was or-

dered to submit a report on this to the Court on its progress on or before October 1, 1986. The Board has done this. To achieve the goal set by the Plan and this Court, according to its unrebutted report, the Board reassigned 185 employees. As a result, all of Chattanooga's public schools have either precisely or approximately the ratio of black and white faculty and staff as the system as a whole. For secondary schools, the target ratio is 39.7% black—60.3% white. For elementary schools, it is 43% black—57% white.

As this Court said:

The Plan does not call for any precise numerical quotas or percentages. Furthermore, the Plan does not specify any particular bright line test for determining whether a school is "racially identifiable" by virtue of its faculty and staff. Neither does the Plan require that a predominately black school have a white principal, or vice versa. However, the Plan does require that the faculty and staff of all schools be desegregated in *approximately* the same ratio as black and white teachers in the total system. (Emphasis in original).

630 F.Supp. at 883.

■ The Court finds that the Board has succeeded in desegregating the faculty and staff of each school in approximately the same ratio as black and white faculty and staff in the total system. Therefore, the Plan is now fully implemented.

On the second issue, this Court concluded that the Board had not, since the Plan was placed into effect ten years ago, taken any action which has reestablished any vestiges of a dual school system. The plaintiffs initiated an appeal of this Court's 1986 decision, but later abandoned it.

■ As a product of this lengthy litigation, this Court is satisfied that unlawful segregation in the Chattanooga public schools no longer exists. Based upon their conduct for many years, there is no indication that the defendants will take any steps to reinstitute vestiges of segregation. There is thus no demonstrated need to fur-

ther monitor compliance with orders of this Court.

Plaintiffs have cited the recent Tenth Circuit decision in *Dowell v. Bd. of Education of Oklahoma City Public Schools,* 795 F.2d 1516 (10th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 420, 93 L.Ed.2d —— (1986), for the proposition that injunctive relief which has been granted by this Court cannot be dissolved unless the defendants demonstrate that "the need for the remedy of the present desegregation plan does not still exist." Unlike the plaintiffs in *Dowell,* the plaintiffs in this case have had the opportunity to in effect reopen the case, and there has been a full and fair consideration of whether any actions by the Board have destroyed the unitariness which has been achieved by the school system. The defendants were able to demonstrate, and this Court specifically found, that no such thing has occurred. *Mapp v. Board of Educ. of City of Chattanooga, Tenn.,* 630 F.Supp. at 888.

The plaintiffs in their perseverance in this case have vindicated their right to attend desegregated public schools. Today this right, in the minds of most Americans as well as in the law, is not disputed. We almost seem to have forgotten that in our very recent history this was not so. It would not be so, were it not for the efforts of these plaintiffs and others like them. Through some difficult times and with significant help from the federal courts, they have succeeded in making this country a better place to live.

However, a school desegregation case need not last forever. The role of this Court has now come to an end. It is no longer appropriate for this Court to be involved in the operation of the Chattanooga city schools, a task now best left entirely to publicly elected officials. *Riddick v. School Board of City of Norfolk,* 784 F.2d 521, 539 (4th Cir.1986); *Spangler v. Pasadena City Board of Education,* 611 F.2d 1239, 1247 (9th Cir.1979). Should the plaintiffs, or anyone else, have good cause to

believe that future Board actions violate the Constitution, the courts remain open.

An appropriate order will enter.

## FINAL ORDER

For the reasons expressed in the Court's memorandum filed herewith, this action is DISMISSED. The plaintiffs will recover their costs of action.